**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George L. Mothershed,         ) | No. CV-04-2266-PHX-JAT |
|                                            ) | |
|              Plaintiff,              ) | **ORDER** |
|                                            ) | |
| vs.                                       ) | |
|                                            ) | |
| David A. Thomson;            ) | |
| The Honorable Margaret H. Downie;  ) | |
| The Honorable Peter C. Reinstein,  ) | |
|                                            ) | |
|              Defendants.          ) | |
|                                            ) | |

Pending before the Court are the Plaintiff's Motion for Preliminary Injunction (doc. 69), Defendant Thompson's Motion for Summary Judgment, (doc. 71), and the State Defendants' Motion for Judgment on the Pleadings (doc. 84).

I.     Background

Attorney David Thompson filed a lawsuit, on behalf of his client Lee Pollock, against George L. Mothershed in Maricopa County Superior Court. Mr. Mothershed previously represented Lee Pollock in a Chapter 13 bankruptcy proceeding. The superior court complaint against Mr. Mothershed alleges various state tort claims arising from his handling of the bankruptcy case. Various portions of those proceedings were presided over by superior court judges Margaret H. Downie and Peter C. Reinstein ("the State Defendants").

On January 8, 2002, Mr. Mothershed filed a motion to dismiss in superior court arguing that the court lacked subject matter jurisdiction because the state law tort claims "arise" from a bankruptcy proceeding. Judge Downie denied the motion on March 15, 2003. Judge Reinstein apparently later affirmed that decision.

Based on these events, on October 22, 2004, Mr. Mothershed ("the Plaintiff") filed a Complaint in the United District Court for the District of Arizona naming attorney David Thompson and both superior court judges (Margaret Downie and Peter Reinstein) as Defendants. The Plaintiff's Complaint alleges that this Court has federal question jurisdiction.[1] The rather convoluted Complaint appears to allege a variety of constitutional claims (violations of the Due Process Clause and violations of 28 U.S.C. § 1983), pendant state law claims (malicious prosecution, intentional infliction of emotional distress, and false light), as well as a request for injunctive relief. The claims in the Plaintiff's Complaint are all based on his contention that the three Defendants wrongfully initiated, litigated, or presided over a lawsuit against the Plaintiff knowing that the superior court did not have subject matter jurisdiction.

On March 22, 2005, the Plaintiff entered into a consent judgment in the superior court case and judgment was entered against him. Subsequently, on April 14, 2005, this Court denied multiple motions by the Plaintiff seeking injunctive relief against the Defendants. The Court based its holding on the fact that the Plaintiff filed a Notice advising the Court that a consent judgment has been entered in the superior court action. Because all of the Plaintiff's injunction motions sought to stay the state court litigation, the Court held the

---

[1] The Plaintiff's Complaint does allege several additional theories of "jurisdiction." Specifically, the Supremacy Clause of the Constitution, various provisions of the bankruptcy code, and the procedural rule giving this Court to power to issue writs. Neither the Supremacy Clause nor the procedural rule regarding writs are a basis for federal jurisdiction. The bankruptcy code does confer federal subject matter jurisdiction, however, this is not a bankruptcy case and none of the claims relate to bankruptcy. Accordingly, federal question jurisdiction arising from 28 U.S.C. § 1983 is the only proper basis for federal jurisdiction alleged in the Complaint.

1  motions to be moot and denied them without prejudice to refile if the Plaintiff can show an
2  ongoing issue for which a preliminary injunction is appropriate.

3  On April 26, 2005, the Plaintiff filed a Motion for Rule 65(a)(2) Preliminary
4  Injunction. The Plaintiff again seeks to set aside any prior orders or proceedings of the
5  superior court, including the March 22, 2005, consent judgment, on the ground that the
6  superior court lacked subject matter jurisdiction because the claims asserted against the
7  Plaintiff "arise" from a bankruptcy proceeding. The Plaintiff asks this Court to: (1) award
8  money damages for his alleged section 1983 violation as well as his state law tort claims; (2)
9  hold that the consent judgment is void; (3) enjoin the Defendants from pursuing any further
10 action against him; and (4) award the Plaintiff punitive damages and attorney's fees.

11 On May 13, 2005, Defendant Thompson filed a Motion for Summary Judgment.
12 Defendant Thompson alleges that the claims brought against him are all predicated on issues
13 that were already decided on the merits by the superior court and are, therefore, barred by the
14 doctrine of collateral estoppel (issue preclusion).

15 On August 3, 2005, the State Defendants (Downie and Reinstein) filed a Motion for
16 Judgment on the Pleadings on the grounds that: (1) they are judicially immune from suit; (2)
17 the Plaintiff's state law tort claims are barred by Arizona's notice of claim statute, A.R.S. §
18 12-821.01; and (3) the Plaintiff's section 1983 claim is barred by the applicable statute of
19 limitations.

20 On February 13, 2006, the Court heard oral argument on all the pending motions.
21 II.    Legal Analysis and Conclusion

22 The Court will begin with the State Defendants' Motion for Judgment on the
23 Pleadings. A motion for judgment on the pleadings is properly brought pursuant to Federal
24 Rule of Civil Procedure 12(c) at any time after the pleadings are closed. Such a motion is
25 properly granted when, "taking all the allegations in the pleadings as true, the moving party
26 is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*,
27 430 F.3d 1036, 1042 (9th Cir. 2005) (internal quotations and citation omitted); *Nelson v. City*
28 *of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Dismissal pursuant to Rule 12(c) is

1 inappropriate if the facts plead in the Complaint, if assumed true, would entitle the plaintiff
2 to a remedy. *Int'l Techs. Consultants, Inc. v. Pilkington,* 137 F.3d 1382, 1384 (9th Cir. 1998)
3 (internal citation and quotations omitted); *Merchants Home Delivery Serv., Inc. v. Hall &*
4 *Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

5 Generally, a court may not consider any material beyond the pleadings in a Rule 12(c)
6 motion unless the court treats the motion as one for summary judgment. Fed. R. Civ. P.
7 12(c). However, a court may consider facts that are contained in materials of which the court
8 may take judicial notice. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)
9 (considering evidence of which the Court could take judicial notice in a 12(b)(6) motion to
10 dismiss). Similarly, a court may consider a document whose authenticity is not contested and
11 upon which the complaint necessarily relies. *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th
12 Cir. 1998).

13 Here, the State Defendants have filed an Answer to the Plaintiff's Complaint.
14 Additionally, the Plaintiff has filed his Reply in support of his Motion for Preliminary
15 Injunction. Accordingly, the Court finds that the pleadings are closed for purposes of a
16 Motion for Judgment on the Pleadings.

17       A..    Judicial Immunity

18 The State Defendants argue they are entitled to judgment as a matter of law because
19 the State Defendants, both of whom are undisputedly members of the judiciary, are immune
20 from suit for judicial acts taken during the course of the superior court lawsuit against the
21 Plaintiff.

22 Judges are entitled to immunity from actions taken in their judicial capacity. *Mireles*
23 *v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991). Like other forms of official
24 immunity, judicial immunity is immunity from suit, not just from ultimate assessment of
25 damages. *Id.* A judge is not deprived of immunity because he takes actions which are
26 erroneous, malicious, or in excess of his authority. *Meek v. County of Riverside,* 183 F.3d
27 962, 965 (9th Cir. 1999). Judicial immunity applies no matter how erroneous the judicial act
28 may have been, or how injurious the consequences are to the plaintiff. *Cleavinger v. Saxner*,

1  474 U.S. 193, 199-200, 106 S.Ct. 496, 500 (1985) (internal citations and quotations omitted).
2  The rationale for the broad scope of judicial immunity is that judges should be free to make
3  controversial decisions and act upon their convictions without fear of personal liability.
4  *Meek,* 183 F.3d at 965.

5  As illustrated by the above discussion, it is well settled that judges are "generally
6  immune from civil liability," including liability under section 1983. *Meek,* 183 F.3d at 965.
7  There are only two sets of circumstances where judicial immunity is overcome: (1) a judge
8  is not immune from liability for non-judicial action; and (2) a judge is not immune for
9  actions, though judicial in nature, taken in the "clear absence" of all jurisdiction. *Mireles,*
10  502 U.S. at 10, 112 S.Ct. at 288. When determining whether the second exception to judicial
11  immunity applies, the term "jurisdiction" should be construed broadly, and an act should only
12  be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope
13  of the judge's subject matter jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir.
14  1986).

15  Here, although the Plaintiff does make reference to the alleged impropriety of the
16  Defendants' conduct, he does not dispute that the acts undertaken were "judicial acts."
17  Therefore, the first exception to judicial immunity (liability for non-judicial acts) is clearly
18  inapplicable to this case. The Plaintiff does, however, present two alternative theories
19  against applying judicial immunity in this case. The Plaintiff argues that: (1) judicial
20  immunity does not extend to requests for injunctive relief against state court judges; and (2)
21  judicial immunity does not apply because the acts complained of were undertaken by the
22  Defendants in the absence of jurisdiction.

23  On the first point, the Plaintiff is simply incorrect about the law. The Plaintiff is
24  correct that in *Pulliam v. Allen,* 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1981 (1984), a divided
25  Supreme Court held that, in 29 U.S.C. § 1983 action, judicial immunity did not prohibit
26  declaratory or injunctive relief against a judicial officer acting in his or her judicial capacity.
27  However, this decision has been subsequently superceded by statute. Pub.L. No. 104-317,
28

- 5 -

1  110 Stat. 3847, 3853 (Oct. 19, 1996).   In 1996, Congress enacted the Federal Courts
2  Improvement Act of 1996 which amended 42 U.S.C. § 1983 as follows:

> (c) CIVIL ACTION FOR DEPRIVATION OF RIGHTS.--Section 1979 of the Revised Statutes (42 U.S.C. 1983) is amended by inserting before the period at the end of the first sentence: ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

*Id.* The Senate report indicates that the amendment fully "restores the doctrine of judicial immunity to the status it occupied prior to *Pulliam"* because *Pulliam* created a departure from "400 years of common law tradition and weakened judicial immunity protections." *Leclerc v. Webb,* 270 F.Supp.2d 779, 793 (E.D. La.) (quoting S. Rep. 104-366, at 36-37, 1996 U.S.C.C.A.N. 4202, 4216-17).  And indeed, as a result of this amendment, section 1983 now reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.** For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

28 U.S.C. § 1983 (emphasis added). Thus, if a defendant can successfully assert judicial immunity from damages, that immunity will also bar declaratory and injunctive relief. *See, e.g., Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987).  In other words, judicial immunity is not limited to immunity from damages, it also extends to actions for declaratory, injunctive, and other equitable relief. *Id.*

With respect to the second point, the Plaintiff misapplies the law to the facts of this case. The Plaintiff apparently believes that state court judges are preempted from exercising subject matter jurisdiction over any state law tort claims that arise from a bankruptcy proceeding. It is on this premise that the Plaintiff concludes that the State Defendants were

- 6 -

1 acting without jurisdiction by presiding over the superior court proceedings against the
2 Plaintiff and making various rulings, including the denial of the Plaintiff's motion to dismiss
3 for lack of subject matter jurisdiction. Thus, the Plaintiff argues, the State Defendants were
4 acting in the "clear absence of jurisdiction" and are not entitled to judicial immunity.

5 The Plaintiff suggests that this Court must determine whether or not the superior court
6 correctly ruled that it had subject matter jurisdiction over the action against the Plaintiff in
7 order for the Court can determine whether or not the State Defendants are entitled to judicial
8 immunity in this case. The Court could abstain from ruling on this issue altogether. *See,*
9 *e.g., Exxon Mobile v. Saudi Basic Indus.*, 544 U.S. 280, __, 125 S.Ct. 1517, 1519 (2005)
10 (state court litigation gives rise to arguments of stay or dismissal, under the principles of
11 comity, based on certain abstention doctrines; district courts must give the same preclusive
12 effect to a state-court judgment as another court of that State would give). However, the
13 Court need not reconsider the merits of the Plaintiff's motion to dismiss for lack of
14 jurisdiction to determine whether the State Defendants are entitled to judicial immunity.

15 The Plaintiff's argument that the State Defendants are not entitled to immunity does
16 require a determination of whether the State Defendants acted in the clear absence of
17 jurisdiction. However, this Court need only find that the State Defendants were not clearly
18 outside the scope of their jurisdiction by ruling on the motion to dismiss, and continuing to
19 preside over the proceedings once they made a determination that subject matter jurisdiction
20 was present. *Collister v. Inter-State Fidelity Bldg. & Loan Ass'n of Utah,* 44 Ariz. 427, 439,
21 38 P.2d 626, 630 (1934) (the test of a superior court's jurisdiction in any particular case is
22 whether or not the tribunal has power to enter upon the inquiry, not whether its conclusion
23 in the course of the inquiry is right or wrong).

24 Clearly, a state superior court judge has jurisdiction to rule on a motion to dismiss for
25 lack of subject matter jurisdiction. *State v. Avila,* 147 Ariz. 330, 333, 710 P.2d 440, 443 (Ct.
26 App. 1985) (one of the court's first duties is to make a determination as to whether or not is
27 has jurisdiction over a case) (quoting *In Re Appeal in Maricopa County, Juvenile Action No.*
28 *A-27789,* 140 Ariz. 27, 30, 680 P.2d 163, 166 (App.1983)); *Long v. Stratton,* 50 Ariz. 427,

1 432, 72 P.2d 939, 941 (1937) (holding that when a complaint is filed that belongs to a general
2 class over which the court's authority extends, the court has jurisdiction to decide whether
3 the pleading is sufficient to confer jurisdiction upon it). To find otherwise would lead to the
4 absurd result that courts would have to dismiss cases as soon as a challenge to subject matter
5 jurisdiction was raised, without regard to the merits of the claim.

6 The Court finds that the State Defendants' decisions with respect to the Plaintiff's
7 motion to dismiss were within their jurisdiction to make, as were their decisions to continue
8 presiding over the case instead of dismissing it. Accordingly, the "clear absence of all
9 jurisdiction" exception to absolute immunity does not apply in this case. The State
10 Defendants are entitled to absolute immunity.

11 Assuming that the Court had reconsidered the merits of the state court judges'
12 decision on jurisdiction, the Court would have found that the State Defendants were entitled
13 to absolute immunity. In other words, this Court would have upheld the State Defendants'
14 rulings that the superior court had subject matter jurisdiction over the action against the
15 Plaintiff.

16 Subject matter jurisdiction is merely the power of a court to hear and determine cases
17 of the general class to which the particular proceedings belong. *In re Marriage of Dorman,*
18 198 Ariz. 298, 301, 9 P.3d 329, 332 (Ct. App. 2000). The Arizona superior court is a court
19 of general jurisdiction. The case in question alleged various state law claims based on the
20 way that the Plaintiff (who is or was an attorney) allegedly handled a prior client's Chapter
21 13 bankruptcy. The claims alleged against the Plaintiff in that action included professional
22 negligence, breach of contract and fraud.

23 A plaintiff's right to bring these types of state law tort claims exists apart from the
24 rights granted by the bankruptcy code. There is absolutely no support for the Plaintiff's
25 contention that these claims are under the exclusive jurisdiction of the bankruptcy court. *See,*
26 *e.g., In re ACI-HDT Supply Co.,* 205 B.R. 231, 238 (9th Cir. 1997) (holding that the
27 bankruptcy court did not have jurisdiction over state law claims, including claims for
28 professional malpractice, fraud, and negligence, against a third-party to the bankruptcy

- 8 -

1 proceeding and remanding the case to state court). Accordingly, because the state court had
2 subject matter jurisdiction over the case at issue here, the State Defendants had jurisdiction
3 for all of their actions related to that case and are entitled to absolute judicial immunity from
4 this suit.

5 The State Defendants' Motion for Judgment on the Pleadings is granted on the ground
6 that the State Defendants are absolutely immune from suit.

7 Alternatively, the Court finds as follows:

8     B.    State Law Tort Claims

9 The State Defendants argue that even taking the allegations in the Plaintiff's
10 Complaint as true, they are entitled to judgment as a matter of law on the state law tort claims
11 because the Plaintiff failed to comply with the notice of claim provision in A.R.S. § 12-
12 821.01.

13 A.R.S. § 12-821.01 requires persons who have claims against a public entity or a
14 public employee to file a notice of claim with the person authorized to accept service within
15 180 days after the cause of action accrues. Any claim which is not filed within180 days after
16 the cause of action accrues "is barred and no action may be maintained thereon." *Stulce v.*
17 *Salt River Project Agr. Imp. and Power Dist.,* 197 Ariz. 87, 90, 3 P.3d 1007, 1010 (Ct. App.
18 2000).

19 All of the Plaintiff's state tort claims (malicious prosecution, intentional infliction of
20 emotional distress, and false light) are based on the Plaintiff's allegation that the State
21 Defendants instituted and maintained an action against the Plaintiff without subject matter
22 jurisdiction. (Complaint ¶¶ 45, 49, 50). The only date mentioned in the Plaintiff's Complaint
23 is the March 15, 2003, minute entry denying his motion to dismiss for lack of subject matter
24 jurisdiction. (Complaint ¶¶ 40, 46-47, 49). Obviously, the superior court case commenced
25 prior to that date. The Plaintiff filed his Complaint in this Court on October 22, 2004.

26 The Plaintiff's Complaint does not allege that the Plaintiff filed the requisite notice of
27 claim within the applicable 180 day time limit, or that the Plaintiff has ever filed the requisite
28 notice of claim. Similarly, the Plaintiff's Response to the State Defendants' Motion for

- 9 -

1 Judgment on the Pleadings does not deny that the Plaintiff failed to filed the notice of claim 2 or that the time limit has expired.  Instead, the Plaintiff argues that application of A.R.S. § 3 12-821.01 is preempted by federal law.  The Plaintiff does not state what federal law he 4 believes preempts application of Arizona's notice of claim provision to pendant state law tort 5 claims.  And, in fact, controlling authority demands a contrary result.

6 When a federal court exercises pendent jurisdiction over state-law claims, "the 7 outcome of the litigation in the federal court should be substantially the same, so far as legal 8 rules determine the outcome of a litigation, as it would be if tried in a [s]tate court 9 [c]ase."  *Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 2313 (1988).  Accordingly, 10 federal courts entertaining state-law claims against state entities are obligated to apply the 11 state law notice-of-claim provision.  *Id.*

12 Contrary to the argument made by the Plaintiff at the hearing before this Court on 13 February 13, 2006, the notice of claim provision does apply to claims made against state 14 employees, and not just to claims made against state employers, municipalities, or public 15 entities.  *See, e.g., Salerno v. Espinoza,* 210 Ariz. 586, 589, 115 P.3d 626, 629 (Ct. App. 16 2005) (deputy clerks of the Superior Court of Arizona are "officers, agents, and employees 17 of the judicial department of the state," therefore, A.R.S. § 12-821.01 requires timely notice 18 of claims for actions taken in the course and scope of their employment).  Because the state 19 law claims alleged involve actions taken during the course and scope of the State Defendants' 20 employment, A.R.S. § 12-821.01 required the Plaintiff to timely file a notice of claim before 21 filing suit in this Court.

22 Because the Plaintiff has never filed a notice of claim, even assuming the State 23 Defendants did not have absolute immunity, the State Defendants would be entitled to 24 dismissal of the Plaintiff's state law tort claims (malicious prosecution, intentional infliction 25 of emotional distress, and false light).  *Nelson,* 143 F.3d at 1200.

26       D.    Claims Remaining against Defendant Thompson

27 Defendant Thompson has filed a Motion for Summary Judgment alleging that the 28 claims asserted against him are barred by the doctrine of collateral estoppel.  The Court has

- 10 -

already dismissed all of the Plaintiff's federal claims and the state tort law claims asserted against the State Defendants. Because this Court no longer has a federal question before it,[2] the Court dismisses the remaining state tort claims alleged against Defendant Thompson. *Religious Technology Center v. Wollersheim,* 971 F.2d 364, 368 (9th Cir. 1992) (internal citation and quotation omitted) (when all federal claims are dismissed before trial pendant state claims also should be dismissed); *Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 651 (9th Cir. 1984) (same). Defendant Thompson's Motion for Summary Judgment is moot.[3]

E.   Preliminary Injunction

Because all claims against all of the Defendants in this case have been dismissed, the Court finds that the Plaintiff's Motion for Preliminary Injunction is moot. Alternatively, the Court finds as follows.

The State Defendants, as discussed above, are absolutely immune from suit. Even had the Court not dismissed the remaining pendant state law claims against Defendant Thompson, the Court would have denied the Plaintiff's Motion for Preliminary Injunction on the merits.

---

[2] The Plaintiff brought this case alleging a federal question under 42 U.S.C. § 1983. Because the Court has determined that the State Defendants have absolute judicial immunity, no cause of action under § 1983 remains. Claims for malicious prosecution, false light, and intentional infliction of emotional distress, are not federal claims nor constitutional deprivations as required for a § 1983 cause of action. Additionally, to the extent the Plaintiff may be trying to assert a § 1983 cause of action against Defendant Thompson, lawyers performing traditional lawyer functions are not considered to be acting under color of state law under for § 1983 purposes. *See Miranda v. Clark County Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Therefore, Plaintiff cannot state a § 1983 cause of action against Defendant Thompson.

[3] Although the Court is dismissing the pendant state law claims against Defendant Thompson, the Court also finds that the rulings in the state court action does give rise to various issue preclusion arguments in this federal court litigation. *See, e.g., Exxon Mobile,* 544 U.S. at __, 125 S.Ct. at 1519.

- 11 -

1 When the Plaintiff's last series of motions for injunctive relief were denied without
2 prejudice, the Court specifically Ordered that if the Plaintiff files another motion seeking
3 injunctive relief the "Plaintiff shall apply the controlling Ninth Circuit test for when a
4 preliminary injunction should issue." Yet, there is virtually no discussion or application of
5 the relevant Ninth Circuit test in the Plaintiff's Motion for Preliminary Injunction.

6 The Plaintiff had the burden to show: (1) a strong likelihood of success on the merits;
7 (2) the possibility of irreparable injury if injunctive relief is not granted; (3) a balance of
8 hardships favoring him; and (4) advancement of the public interest. *See Los Angeles*
9 *Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980);
10 *Johnson v. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995). The Plaintiff could
11 have met this burden either by showing: (1) a combination of probable success on the merits
12 and a possibility of irreparable injury, or (2) the existence of serious questions going to the
13 merits and that the balance of hardships tips sharply in its favor. *Goto.com, Inc. v. Walt*
14 *Disney Co.*, 202 F.3d 1199, 1204-05 (9th Cir. 2000) (citing *Sardi's Rest. Corp. v. Sardie*, 755
15 F.2d 719, 723 (9th Cir. 1985)). The Plaintiff's request for injunctive relief fails to satisfy
16 either of these tests.

17 The sole discussion of the Plaintiff's claims as they relate to Defendant Thompson is
18 as follows:

19 "Defendant David A. Thompson filed a civil action against the Plaintiff in the
    Superior Court of the State of Arizona in and for Maricopa County, styled *Lee*
20  *Pollock, Plaintiff, vs. George L. Mothershed, et al., Defendants,* Case No. CV
    2001-015101 (herein referred to as the Pollock case). The Maricopa County
21  Court does not have jurisdiction over state tort law claims arising from the In
    re Pollock Bankruptcy. Dismissal is the proper method for a state court to
22  dispose of an action in which it lacks subject matter jurisdiction..."

23 (Plaintiff's Motion for Preliminary Injunction pp. 5-6, ¶ 8). For purposes of obtaining
24 a preliminary injunction against the Defendant, this allegation is woefully inadequate.

25 The Plaintiff's Motion for Preliminary Injunction contains absolutely no application
26 of the Plaintiff's burden of proof as it applies to the claims alleged against Defendant
27 Thompson. Instead, the Plaintiff's motion rambles on for 16 pages about the United States
28 Constitution, the Bankruptcy Code, the plenary power of Congress, full faith and credit, the

1  alleged basis for this Court's jurisdiction, the alleged basis for the Plaintiff's section 1983
2  claim, and the alleged reasons that this Court should find the superior court proceedings to
3  be "*ab initio* and a nullity." (*Id.* at ¶ 17).

4        The Plaintiff does not cite a single case relevant to the state law claims asserted
5  against Defendant Thompson (malicious prosecution, intentional infliction of emotional
6  distress, false light). The Plaintiff does not state the elements of any of the claims, and he
7  does not discuss how the facts alleged meet the elements of those claims and/or indicate a
8  likelihood of success on the merits. Additionally, the Plaintiff makes no attempt to explain
9  how the claims asserted result in the possibility for irreparable injury to the Plaintiff.

10       For all these reasons, the Plaintiff's Motion for Preliminary Injunction is denied.
11       Accordingly,
12       IT IS ORDERED the State Defendants' Motion For Judgment on the Pleadings (doc.
13 84) is GRANTED.
14       IT IS FURTHER ORDERED the Clerk of the Court shall enter Judgment in favor of
15 Defendants Peter C. Reinstein and Margaret H. Downie.
16       IT IS FURTHER ORDERED the Plaintiff's Motion for Preliminary Injunction (doc.
17 # 69) is DENIED.
18 ///

IT IS FURTHER ORDERED, having dismissed all claims providing federal jurisdiction, the remaining state law claims against Defendant Thompson are DISMISSED.

IT IS FURTHER ORDERED Defendant Thompson's Motion for Summary Judgment (doc. 71) is MOOT.

DATED this 16th day of February, 2006.

James A. Teilborg
United States District Judge