**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Mothershed, | No. CV 04-2266-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| David A. Thompson;<br>The Honorable Margaret H. Downie;<br>The Honorable Peter C. Reinstein, | |
| Defendants. | |

Pending before this Court are the Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment Order (doc. 98) and the Defendants' Motion for Direction (doc. 100).

I.  INTRODUCTION

Attorney David Thompson filed a lawsuit on behalf of his client, against George L. Mothershed in Maricopa County Superior Court. Various portions of those proceedings were presided over by superior court judges Margaret H. Downie and Peter C. Reinstein ("the State Defendants"). On January 8, 2002, Mr. Mothershed filed a motion to dismiss in superior court arguing that the court lacked subject matter jurisdiction because the state law tort claims "arise" from a bankruptcy proceeding. Judge Downie denied the motion on March 15, 2003. Judge Reinstein apparently later affirmed that decision.

On October 22, 2004, Mr. Mothershed ("the Plaintiff") filed a Complaint in this Court naming attorney David Thompson and the State Defendants. The rather convoluted

Complaint alleged a variety of constitutional claims (violations of the Due Process Clause and violations of 28 U.S.C. § 1983), pendant state law claims (malicious prosecution, intentional infliction of emotional distress, and false light), as well as a request for injunctive relief. The claims in the Plaintiff's Complaint are all based on his contention that the three Defendants wrongfully initiated, litigated, or presided over the superior court case knowing that court lacked subject matter jurisdiction.

On March 22, 2005, the Plaintiff entered into a consent judgment in the superior court case and judgment was entered against him. Subsequently, on April 14, 2005, this Court denied multiple motions by the Plaintiff seeking injunctive relief against the Defendants.

On April 26, 2005, the Plaintiff filed a Motion for Rule 65(a)(2) Preliminary Injunction. The Plaintiff sought to set aside any prior orders or proceedings of the superior court, including the March 22, 2005, consent judgment, on the ground that the superior court lacked subject matter jurisdiction because the claims asserted against the Plaintiff "arise" from a bankruptcy proceeding.

On May 13, 2005, Defendant Thompson filed a Motion for Summary Judgment. Defendant Thompson alleged that the claims brought against him are all predicated on issues that were already decided on the merits by the superior court and are, therefore, barred by the doctrine of collateral estoppel (issue preclusion). On August 3, 2005, the State Defendants filed a Motion for Judgment on the Pleadings on the grounds that: (1) they are judicially immune from suit; (2) the Plaintiff's state law tort claims are barred by Arizona's notice of claim statute, A.R.S. § 12-821.01; and (3) the Plaintiff's § 1983 claim is barred by the applicable statute of limitations.

On February 13, 2006, the Court heard oral argument on all the pending motions. On February 16, 2006, the Court: (1) granted the State Defendants' Motion for Judgment on the Pleadings; (2) denied the Plaintiff's Motion for Preliminary Injunction; (3) dismissed any remaining pendant state law claims against Defendant Thompson; (4) held that Defendant Thompson's Motion for Summary Judgment is moot; and (5) Ordered the Clerk of the Court to enter judgment in favor of the State Defendants.

On February 27, 2006, the Plaintiff filed, *pro se*, a Rule 59(e) Motion to Alter or Amend Judgment Order and requested oral argument.

On March 3, 2006, the State Defendants filed a Motion for Direction Re: Plaintiff's Rule 59(e) Motion. The Defendants ask the Court to order a briefing schedule, in the event that a response from the Defendants is permitted.

II.     LEGAL ANALYSIS AND CONCLUSION

As a preliminary matter, the Court will address the Plaintiff's request for oral argument and the State Defendants' request for a briefing schedule. Having fully reviewed the pleadings, the Court finds that the facts and law are clear, and neither a hearing nor additional briefing from the parties would aid this Court's decision. Accordingly, both requests are denied.

The Plaintiff is asking the Court to reconsider its ruling and amend its judgment pursuant to Fed. R. Civ. P. 59. In order to obtain the relief sought, the Plaintiff must provide (1) a valid reason why the Court should reconsider its prior decision, and (2) facts or law of a strongly convincing nature to induce the Court to reverse all or part of its prior decision. *See, e.g., Garber v. Embry-Riddle Aeronautical Univ.,* 259 F.Supp.2d 979, 981 (D. Ariz. 2003). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable, evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993);*United States ex rel Conveyor Rental & Sales Co. v. Aetna Cas. and Surety Co.,* 1991 WL 495733, *1 (D. Ariz. May 20, 1991). Such a motion may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. *See, e.g., FDIC v. World Univ.,* 978 F.2d 10, 16 (1st Cir. 1992); *accord Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

The Plaintiff does not allege that the controlling law has changed since this Court issued its February 16, 2006, Order. Rather, he argues that the Court erred in its interpretation of both the law and the facts of this case.

1 First, with respect to this Court's ruling that the State Defendants were immune from 2 the Plaintiff's action for injunctive relief, the Plaintiff argues that the Court relied upon a 3 district court case, *LeClerc v. Webb,* 270 F.Supp.2d 779, 793 (E.D. La. 2003), that has been 4 "overruled" by the Fifth Circuit Court of Appeals in *LeClerk v. Webb,* 419 F.3d 405 (5th Cir. 5 2005). The Plaintiff contends that this case supports a finding that the State Defendants in 6 this case are subject to suit for injunctive relief. The Plaintiff is wrong.

7 In fact, the Fifth Circuit affirmed *LeClerk v. Webb,* and reversed a factually different 8 case called *Wallace v. Calogero,* 286 F.Supp.2d 748 (E.D. La. 2003). *LeClerk,* 419 F.3d at 9 426 ("For the reasons stated herein, the judgment in *LeClerk v. Webb,* 270 F.Supp.2d 779 10 (E.D. La. 2003) is AFFIRMED") (emphasis in original). The Court agrees with the Plaintiff 11 that *LeClerk* stands for the proposition that immunity for injunctive relief applies to judicial 12 officers acting in a judicial capacity. The Court found that the State Defendants in this case 13 *were* acting within their judicial capacity. Therefore, they were entitled to immunity. *See,* 14 *e.g.,* 28 U.S.C. § 1983.

15 Next, the Plaintiff argues that the Court did not follow the appropriate legal standard 16 for ruling on a Motion for Judgment on the Pleadings because the Court failed to "take as 17 true" the following "factual allegations" made by the Plaintiff in his Complaint: (1) the 18 bankruptcy court had exclusive jurisdiction over state tort claims against the Plaintiff arising 19 out of a bankruptcy proceeding; (2) Arizona courts are preempted from prosecuting state tort 20 claims arising from a bankruptcy; and (3) various constitutional provisions (full faith and 21 credit, the fourteenth amendment, and the supremacy clause) entitle the Plaintiff to relief. 22 These are legal arguments, not factual assertions. This Court is not required to take the 23 Plaintiff's legal arguments as true, or to construe them in his favor.

24 The Plaintiff also argues that he was "'not fairly apprised' [sic] that the Court would 25 look beyond the pleadings and thereby convert the motion to dismiss into a motion for 26 summary judgment." Again, the Plaintiff is wrong.

27 The Court can consider documents attached to the Plaintiff's Complaint, documents 28 incorporated by reference in the Complaint, and matters of judicial notice without converting

- 4 -

the State Defendants' motion into a motion for summary judgment. *See, e.g., United States v. Ritchie,* 342 F.3d 903, 908 (2003). Additionally, documents that were not attached to the Plaintiff's Complaint, but were referred to extensively by the Plaintiff and/or form the basis of the Plaintiff's claims, may be incorporated by reference into the Complaint. *Id.*

The Court may also take judicial notice of matters of public record, including judicial proceedings and filings that have a "direct relation to the matters at issue." *Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.1992). The Court can take judicial notice of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes. *Mfd. Home Cmtys. Inc. v. City of San Jose,* 420 F.3d 1022, 1037 (9th Cir. 2005).

The Court did not convert the State Defendants' Motion for Judgment on the Pleadings to a Motion for Summary Judgment. The Court did not take into consideration any evidence that would require converting the Defendant's Motion for Judgment on the Pleadings to a Motion for Summary Judgment.

Finally, the Plaintiff makes a variety of new legal arguments and re-raises arguments already rejected by this Court. The Court must ignore any newly alleged "facts" raised on reconsideration. *See Fay Corp. v. Bat Holdings I, Inc.,* 651 F.Supp. 307, 308-09 (W.D. Wash. 1987); *Refrigeration Sales Co. v Mitchell Jackson, Inc.,* 605 F.Supp. 6, 8 (N.D. Ill. 1983). The Plaintiff may not use reconsideration as a means to present arguments that could, and should, have been made before the Court issued its rulings. *FDIC,* 978 F.2d at 16. A motion for reconsideration is not a vehicle to make arguments or present evidence that should have been raised before. *Database America, Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D. N.J. 1993).

Similarly, the Plaintiff is not entitled to reconsideration of the arguments that he already raised before this Court entered judgment. *Backlund,* 778 F.2d at 1388. Rule 59(e) motions cannot be used to ask the Court "to rethink what the court has already thought through," merely because a plaintiff disagrees with the Court's decision. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also Refrigeration*

1 *Sales Co.,* 605 F.Supp. at 8. Such disagreements should be dealt with in the normal appellate
2 process. *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.,* 825 F.Supp. 1216, 1220 (D.
3 N.J. 1993); *Refrigeration Sales Co.,* 605 F.Supp. at 7.

4 The Court has reviewed its Order and the Plaintiff's motion and finds nothing to
5 compel it to revisit its prior holdings. The Plaintiff has not presented any newly discovered
6 and previously unavailable evidence. He has not presented any facts or law that would
7 suggest that the Court committed a clear error of law and the initial decision was manifestly
8 unjust. This case simply does not fall within one of those narrow instances where it is
9 appropriate for the Court to reconsider and alter, amend, or vacate its prior Order.

10 The moving party must show more than a disagreement with this Court's decision; a
11 court should not grant a rule 59(e) motion unless there is need to correct a clear error of law
12 or prevent manifest injustice. *Database Am., Inc.* 825 F.Supp. at 1220; *Refrigeration Sales*
13 *Co., Inc.,* 605 F.Supp. at 7. The Court finds that the Plaintiff has failed to set forth sufficient
14 grounds to cause the Court to reconsider its February 16, 2006, Order.
15 / / /

1

2  Accordingly,

3  **IT IS ORDERED DENYING** the Plaintiff's Rule 59(e) Motion to Alter or Amend

4  Judgment Order (doc. 98).

5  **IT IS FURTHER ORDERED DENYING** the Defendants' Motion for Direction as

6  moot (doc. 100).

7  DATED this 10th day of March, 2006.

James A. Teilborg
United States District Judge